**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

JOSEPH TYLER McDONALD,

Defendant.

No. C 03-3072-MWB
(No. CR 01-3002-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
DEFENDANT'S SECTION 2255
MOTION**

———————————

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *A. Charges, Trial, Appeal, and Sentence* . . . . . . . . . . . . . . . . . . . . . 3
    *B. 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *C. Amicus Brief* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . 7
    *B. Preliminary Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *1. Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . 9
        *2. Amicus Brief* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . 12
        *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . 12
        *2. Failure to investigate and prepare* . . . . . . . . . . . . . . . . . . 15
        *3. Failure to challenge the Superseding indictment* . . . . . . . . . 15
        *4. Failure to object to violation of speedy trial rights* . . . . . . . 18
        *5. Failure to challenge voice identification* . . . . . . . . . . . . . 21
        *6. Failure to have tape recording transcribed* . . . . . . . . . . . . 23
        *7. Failure to call expert chemist* . . . . . . . . . . . . . . . . . . . . 24

8. *Failure to object to admission of an audio tape* . . . . . . . . . . 25
9. *Failure to produce impeachment witness* . . . . . . . . . . . . . 26
10. *Failure to object to jury not having sound equipment* . . . . . . 29
11. *Failure to object to prosecution in federal court* . . . . . . . . . 30
12. *Failure to obtain copies of grand jury testimony* . . . . . . . . . 31
13. *Failure to pursue objection to obstruction enhancement* . . . . 32
14. *Failure to raise unconstitutionality of obstruction enhancement* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
D. **Ineffective Assistance Of Appellate Counsel** . . . . . . . . . . . . . . . . . . . 35
1. *Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
2. *Failure to raise a claim* . . . . . . . . . . . . . . . . . . . . . . . . . . 36
E. **Certificate of Appealability** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

III. **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

This matter comes before the court pursuant to defendant Joseph Tyler McDonald's August 14, 2003, *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 110) ("Motion").[1] McDonald asserts claims of ineffective assistance of trial and appellate counsel. His mother, Linda McDonald, filed an *amicus* brief challenging the jurisdiction of the court and the exercise of police powers of the United States in this case.

---

[1]All docket numbers and filings are in the companion criminal case, *United States v. McDonald*, No. CR 01-3002-MWB (N.D. Iowa).

# I. INTRODUCTION

## A. Charges, Trial, Appeal, and Sentence

On January 25, 2001, McDonald was charged by a one-count indictment (docket no. 1) with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). McDonald was arraigned and pleaded not guilty on February 22, 2001. *See* docket no. 8. By Order (docket no. 12) of February 22, 2001, trial was scheduled for March 22, 2001. On March 22, 2001, McDonald, through counsel, moved for a continuance of his trial date. *See* docket no. 13. The court granted the motion by Order (docket no. 14) of March 23, 2001, continuing trial to May 7, 2001.

On April 2, 2001, by counsel, McDonald filed a Motion To Suppress Evidence (docket no. 15), along with a Brief In Support Of Motion To Suppress (docket no. 16). McDonald filed a supplement to his Motion To Suppress Evidence (docket no. 17) on April 4, 2001. On April 9, 2001, Chief United States Magistrate Judge Paul A. Zoss continued the trial date to June 4, 2001. The prosecution filed a Resistance (docket no. 22) to McDonald's Motion To Suppress Evidence on April 12, 2001. The prosecution then filed a Brief (docket no. 25) in support of its Resistance, on April 16, 2001. Judge Zoss held a hearing on McDonald's Motion To Suppress Evidence on April 18, 2001. *See* docket no. 26. Thereafter, on April 26, 2001, Judge Zoss entered a Report And Recommendation (docket no. 27) recommending that McDonald's Motion To Suppress Evidence be denied. McDonald, through counsel, filed Objections (docket no. 28) to the Report And Recommendation on May 4, 2001. By Order (docket no. 33) of May 21, 2001, the undersigned accepted the Report And Recommendation and denied McDonald's Motion to Suppress Evidence.

On May 29, 2001, McDonald, through counsel, requested a continuance of his trial date. *See* docket no. 34. This motion was granted by Order (docket no. 37) dated May 30, 2001 and McDonald's trial date was continued to July 24, 2001.

A two-count Superseding indictment (docket no. 53) was filed on July 18, 2001. Count one charged McDonald with possession with intent to distribute 50 grams or more of cocaine base, commonly called "crack cocaine," having been previously convicted of a felony drug offense, namely, conspiracy to distribute crack cocaine within 1,000 feet of a public playground on March 10, 1994, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 851. Count two charged McDonald with possession with intent to distribute 105 grams or more of cocaine salt, commonly called "cocaine powder," having been previously convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)(viii), and 851. On July 20, 2001, the prosecution filed a Notice Of Intent To Seek Enhanced Penalties (docket no. 55), based on McDonald's prior drug conviction. McDonald proceeded to trial on July 24, 2001. The jury returned a verdict of guilty on all counts of the Superseding indictment on July 26, 2001. *See* docket no.78.

On July 31, 2001, McDonald, by and through counsel, filed a Motion For Judgment Of Acquittal Or, In The Alternative, Motion For New Trial (docket no. 81). The prosecution filed a Resistance To Defendant's Motion for New Trial (docket no. 83) on August 6, 2001. The undersigned, by Order (docket no. 89) of October 12, 2001, denied McDonald's Motion For Judgment Of Acquittal.

McDonald appeared, with counsel, for sentencing, on February 1, 2002. *See* docket nos. 97, 98, and 99. The undersigned sentenced McDonald to 162 months on count one and to 162 months on count two of the Superseding indictment, to run concurrently. Additionally, McDonald was ordered to be on supervised release, following incarceration,

for 96 months on count one and for 72 months on count two, to be served concurrently. McDonald was assessed a special assessment of $200, and all fines were waived.

On February 11, 2002, McDonald filed his Notice Of Appeal (docket no. 103) to the Eighth Circuit Court of Appeals. On August 20, 2002, the Eighth Circuit Court of Appeals affirmed the District Court's judgment. *See* docket no. 108.

## B. 2255 Motion

McDonald initially filed his § 2255 Motion, and was appointed counsel, on August 14, 2003. On September 25, 2003, the undersigned entered an Initial Review Order (docket no. 112) and Judgment (docket no. 113) denying McDonald's § 2255 Motion and dismissing it in its entirety, as procedurally defaulted, without issuing a certificate of appealability. McDonald filed a Notice Of Appeal (docket no. 114) to the Eighth Circuit Court of Appeals from the dismissal of his § 2255 motion on October 27, 2003. On March 5, 2003, the Eighth Circuit Court of Appeals issued a certificate of appealability on whether the district court erred in determining that McDonald's claims of ineffective assistance of trial counsel were procedurally defaulted, found that the claims were not procedurally defaulted, and remanded the case to the district court for further proceedings in light of its decision. *See* docket no. 115.

During the time that McDonald's appeal on his § 2255 Motion was pending, the United States Supreme Court decided *Blakely v. Washington*, 526 U.S. 296 (2004). On August 2, 2004, McDonald filed a *pro se* Motion To Amend (docket no. 118) his § 2255 Motion, which was granted on August 16, 2004. *See* docket no. 119. McDonald asserts that his trial counsel provided ineffective assistance of counsel in several ways: failing to adequately investigate and prepare for trial; failing to challenge a Superseding indictment;

failing to object to a violation of McDonald's speedy trial rights; failing to challenge a voice identification at a suppression hearing; failing to have a tape recording transcribed for the jury; failing to call an expert chemist to challenge the drug type; failing to object to the admission of the tape as evidence at trial; failing to object to hearsay testimony at trial; and failing to call an essential impeachment witness. McDonald additionally claims that his appellate counsel provided ineffective assistance by failing to raise the claim, on appeal, that there was insufficient evidence to find that he had obstructed justice as a basis for enhancement of his guidelines sentence. McDonald requested an evidentiary hearing on his § 2255 Motion.

On October 12, 2004, the court entered an Order (docket no. 122) appointing counsel for McDonald and ordering McDonald to file a brief by December 10, 2004. McDonald, through counsel, filed a Brief In Support Of § 2255 Motion (docket no. 126) on December 10, 2004. The prosecution filed its Response (docket no. 129) on January 31, 2005.

### C. Amicus Brief

On May 26, 2005, McDonald's mother, Linda McDonald, filed an Amicus Brief (docket no. 130) in support of McDonald's §2255 Motion, arguing that the United States District Court had no jurisdiction over McDonald because the United States did not have a contract with her to provide police protection at her home residence, the same address from or at which McDonald was accused of selling drugs.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of McDonald's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71

L. Ed. 2d 816 (1982), or a showing that the alleged errors
were fundamental defects resulting in a complete miscarriage
of justice. *See United States v. Smith*, 843 F.2d 1148, 1149
(8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson
v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review
of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual
prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S.
614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally
defaulted claim may include "ineffective assistance of counsel." *See Becht v. United
States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized
in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to
counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d
993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn
quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that
the alleged error "'worked to his actual and substantial disadvantage, infecting his entire
trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United
States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must
show that there is a substantial likelihood that, absent the error, a jury would have
acquitted him of the charged offense). To establish "actual innocence," as an alternative
way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in
light of all the evidence, it is more likely than not that no reasonable juror would have
convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard;
generally, a petitioner cannot show actual innocence where the evidence is sufficient to

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of McDonald's claims for § 2255 relief.

## B. *Preliminary Matters*

### 1. *Evidentiary Hearing*

McDonald has requested an evidentiary hearing on his Motion. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C.

§2255. In this case, the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that McDonald's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that McDonald's allegations cannot be accepted as true because they are contradicted by the record.

Some of McDonald's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that McDonald can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial or appellate counsel. Therefore, the court will pass on to the merits of McDonald's claims for § 2255 relief.

## 2. *Amicus Brief*

Linda McDonald, McDonald's mother, has filed an Amicus Curiae Brief (docket no. 130) arguing that the United States District Court did not have jurisdiction to prosecute McDonald because the federal government did not have a contract with her to provide police protection at her residence, the residence from which McDonald was selling drugs.

Linda McDonald states that "this property is not owned by the federal government, has not been seized or ceded and is not under contract with any federal agency to police this property. Without a contract with the property owner, the federal government does not have jurisdiction to police that property or to prosecute in the court of the U.S." (Brief at 1).

Federal district courts have been explicitly vested with jurisdiction over all offenses committed against the laws of the United States. *See United States v. Rosnow*, 977 F.2d 399, 412 (8th Cir. 1992) (*per curiam*), *cert. denied*, 113 S.Ct. 1596 (1993). So far as this court can determine, the Eighth Circuit Court of Appeals has not directly considered whether or not the federal courts have jurisdiction over drug crimes committed on private property, but the Ninth Circuit Court of Appeals has determined that federal courts do have jurisdiction over drug crimes committed on private property. In *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992), the Ninth Circuit Court of Appeals ruled that federal courts have exclusive jurisdiction of offenses against the laws of the United States and that the permission of the states is not a prerequisite to exercise of that jurisdiction. Additionally, the Ninth Circuit has held that an argument that federal statutes applied only within the District of Columbia or on federally owned lands, was wholly without merit and that federal criminal statutes applied on private property. *United States v. Kuehnoel,* 187 F.3d 649 (9th Cir. 1999) (citing *United States v. Begay*, 42 F.3d 486, 499 (9th Cir. 1994) (stating that where situs is not an element of the offense, a federal statute is "of nationwide applicability, and therefore applies equally to everyone everywhere within the United States")). This court finds the reasoning of the Ninth Circuit Court of Appeals persuasive and, thus, the argument of *amicus* does not require § 2255 relief in this case.

## C. Ineffective Assistance Of Counsel

### 1.    Applicable standards

McDonald asserts that his trial counsel provided him with ineffective assistance of counsel in the following ways: failing to adequately investigate and prepare for trial; failing to challenge a superseding indictment; failing to object to a violation of McDonald's speedy trial rights; failing to challenge a voice identification at a suppression hearing; failing to have a tape recording transcribed for the jury; failing to call an expert chemist to challenge the drug type; failing to object to the admission of the tape as evidence at trial; failing to object to hearsay testimony at trial; and failing to call an essential impeachment witness.  McDonald additionally claims that his appellate counsel provided ineffective assistance by failing to raise the claim, on appeal, that there was insufficient evidence to find that he had obstructed justice.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. CONST. AMEND. VI.  Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal.  *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008).  By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States.  28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States.").  The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on

direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not McDonald is entitled to relief on his § 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There

are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

## 2. *Failure to investigate and prepare*

McDonald asserts that his trial counsel failed to properly investigate and prepare for trial. (Motion at 1). Although McDonald raises this claim in his *pro se* Motion, he does not, in his § 2255 Motion or in any subsequent filing, address this claim in any detail. The Motion is simply insufficient to raise any issue as to whether trial counsel's performance was either deficient or prejudiced the defendant in this respect. *See Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001) (defendant did not identify who would have been called as witnesses and what their testimony would have been). While a *pro se* § 2255 petition might require the more liberal construction that a court would give *pro se* pleadings in any other civil case, this claim lacks "sufficient specificity under even the most liberal pleading requirements." *See id.* at 953 (quoting *Cooper v. Schriro*, 189 F.3d 781, 785 (8th Cir. 1999)); see also, *United States v. DePuew*, 889 F.2d 791, 793 (8th Cir. 1989) (general arguments concerning suppression of evidence and objections during trial insufficient to establish with any specificity the deficient performance required by *Strickland*). This court determines, therefore, that McDonald cannot establish that his counsel was ineffective for failing to properly investigate and prepare for trial.

## 3. *Failure to challenge the Superseding indictment*

McDonald alleges that his trial counsel was ineffective for failing to challenge the superseding indictment in his case. (Def.'s Mem. Brief at 5-7). McDonald asserts that the prosecution filed the superseding indictment solely out of vindictiveness because McDonald refused to plead guilty. (Def.'s Mem. Brief at 5).

The prosecution argues that the superseding indictment merely included reference to a prior drug offense which would enhance McDonald's mandatory minimum sentence and an additional charge of possession with intent to distribute cocaine base and did not

contain any new information that was unknown to McDonald. (Prosecution's Response at 11). Further, the prosecution argues that trial counsel indicates, via affidavit, that he discussed the prior conviction with McDonald and that he did not see any vindictiveness in the filing of the superseding indictment. (Prosecution's Response at 12). In response to McDonald's position that his speedy trial rights were violated by the filing of the superseding indictment, the prosecution argues that the speedy trial clock, which began on February 22, 2001, stopped on March 22, 2001 when McDonald filed a Motion to Continue Trial. (Prosecution's Response at 12).

A prosecutor's discretion to charge is very broad. *United States v. Goodwin*, 457 U.S. 368, 382 (1982). The due process clause "is not offended by all possibilities of increased punishment. . .but only by those that pose a realistic likelihood of vindictiveness." *Id*. at 384. While the government may take action to punish an individual for violating the law, punishing an individual for exercising a constitutional right, such as the right to trial, amounts to prosecutorial vindictiveness. *United States v. Pruett*, 501 F.3d 976, 983 (8th Cir. 2007) (citing *Goodwin*, 457 U.S. at 372. The burden is on McDonald to prove vindictiveness. *Id*. (citing *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir.)). The burden is especially heavy when the additional charges were brought prior to the start of trial. *Goodwin*, 457 U.S. at 381-82 (prosecutor's statement during plea negotiations that if defendant did not plead guilty he would return to the grand jury to seek an indictment based on prior convictions that would subject defendant to mandatory life imprisonment did not violate due process).

McDonald may demonstrate prosecutorial vindictiveness in two ways. First, he may prove, through objective evidence, that the prosecutor's decision was intended to punish him for the exercise of a legal right. *United States v. Beede*, 974 F.2d 948, 951

(8th Cir. 1992) (citing *Goodwin*, 457 U.S. at 384 n. 19). Trial counsel's affidavit states that he saw no evidence of vindictiveness in the prosecution's filing of the superseding indictment. (affadivit at 4-5). McDonald has failed to produce any objective evidence that the prosecution intended to punish him for exercising a legal right by filing the Superseding indictment. Second, a defendant may, in certain circumstances, rely on a presumption of vindictiveness. *Beede*, 974 F.2d at 951. The United States Supreme Court has held that due process is not violated by a prosecutor carrying out a threat to re-indict on a more serious charge if the defendant does not plead guilty to the original charge, as long as there is probable cause to prosecute on the more serious charge. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). The United States Supreme Court, in *Goodwin*, stated that *Bordenkircher* made it clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified. *Goodwin*, 457 U.S. at 382-383. Only in "rare instances" does the presumption apply. *Campbell*, 410 F.3d at 462 (citing *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001) (no presumption where federal government prosecuted defendant after he refused to plead guilty in state court)). McDonald cannot establish that his trial counsel's performance was deficient for failing to move to dismiss the superseding indictment on the basis that its filing was a vindictive act of prosecution. If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Therefore, McDonald's claim on this ground must fail.

## 4. *Failure to object to violation of speedy trial rights*

McDonald further asserts that his trial counsel provided ineffective assistance by failing to seek dismissal of the charges on the grounds that his speedy trial rights had been violated. (Def.'s Mem. Brief at 7). A federal criminal defendant's right to a speedy trial is protected both by the Sixth Amendment and by the federal Speedy Trial Act. *See* U.S. Const. amend. VI; 18 U.S.C. § 3161 et seq.

The Speedy Trial Act, 18 U.S.C. § 3161(c)(1), requires that the trial of a defendant commence within seventy days from the filing date of the information or indictment or from the date the defendant appeared before a judicial officer of the court, whichever last occurs. The sanction for violation of the Act, dismissal of the indictment, is triggered only by motion of the defendant made prior to trial. 18 U.S. C. § 3161(a)(2). The Act provides that certain periods of delay must be excluded from the 70-day calculation. These include delay resulting from a continuance granted by the Court at the request of defense counsel, if based on a finding that the ends of justice served by taking such action outweigh the speedy trial interests of the defendant and the public. *See* 18 U.S.C. §§ 3161(h)(1)(A) and 3161(h)(8)(A).

The United States Supreme Court has delineated factors that should be considered to determine whether or not an individual's Sixth Amendment rights have been violated by a delay in trial. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) *see also Williams v. Lockhart*, 772 F.2d 475, 478-479 (8th Cir. 1985). The Supreme Court provided four factors for consideration: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *Id.* The first factor under *Barker*, the length of the delay, is a triggering mechanism. *Matthews v. Lockhart*, 726 F.2d 394, 396 (8th Cir. 1984). Absent a delay that is presumptively prejudicial, inquiry into the

other factors is unnecessary. *Id.*; *See also Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). The Eighth Circuit Court of Appeals has held that a seventeen-month delay between the date of the filing of charges and the time of trial is presumptively prejudicial. *Id.* However, the Eighth Circuit Court of Appeals has also held that a delay of just over seven months did not trigger the Sixth Amendment analysis. *United States v. McFarland*, 116 F.3d 316, 318 (8th Cir. 1997). More particularly, a five-month period between detention and trial on drug charges, interrupted by pretrial motions, is "not sufficiently long to be presumptively prejudicial." *United States v. Patterson*, 140 F.3d 714, 717 (8th Cir. 1996).

McDonald appeared before Judge Zoss for arraignment and indictment on February 2, 2001. *See* docket no. 8. McDonald's original trial date was set for March 22, 2001. *See* docket no. 12. On March 22, 2001, on the day scheduled for trial, McDonald's trial counsel requested a continuance (docket no. 13) of the trial date, on the ground that he needed more time to investigate the case and expected that a Motion To Suppress Evidence might be filed in the case. Judge Zoss granted the request for a continuance and continued the trial date to May 7, 2001. *See* docket no. 14. On April 2, 2001, McDonald, through counsel, filed a Motion to Suppress Evidence (docket no. 15 ). On April 9, 2001, by Order (docket no. 19), Judge Zoss continued the trial date to June 4, 2001, so that there would be time to hear and rule on McDonald's Motion To Suppress. Judge Zoss excluded the time for purposes of McDonald's speedy trial rights, in the interest of justice. On May 29, 2001, by and through counsel, after denial of his Motion To Suppress, McDonald filed a Motion To Continue Trial (docket no. 34). By Order (docket no. 37) dated May 30, 2001, Judge Zoss granted McDonald's Motion and continued the trial date to July 24,

2001, excluding time in the interest of justice. McDonald's trial commenced on July 24, 2001.

Since just over five months passed between the time of McDonald's arraignment on the charges and his trial, this Court finds that the delay in his case was not presumptively prejudicial and does not find it necessary to examine the *Barker* elements in McDonald's case. *See United States v. Patterson*, 140 F.3d 714, 717 (8th Cir. 1996). McDonald has failed to establish a violation of his speedy trial rights pursuant to the Sixth Amendment.

Further, pursuant to the Speedy Trial Act, the delays in McDonald's case should not count against the calculation of time pursuant to the Act because they included only continuances sought by counsel for McDonald's benefit and included a finding by Judge Zoss that the ends of justice served by the continuances outweighed the speedy trial interests of the defendant and the public. *See* docket nos. 14,19, 34 and 37; *see also* 18 U.S.C. §§ 3161(h)(1)(A) and 3161(h)(8)(A).

Because this court can find no violation of the Speedy Trial Act or McDonald's Sixth Amendment rights, McDonald cannot establish that his counsel was deficient for failing to move to dismiss his case on the grounds that his speedy trial rights had been violated. *Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994) (*per curiam*) (counsel not ineffective for failing to raise meritless challenge). Further, McDonald's trial counsel made a tactical trial decision that it was in McDonald's best interests to delay the trial to pursue a Motion To Suppress Evidence. Because trial counsel's trial strategy decisions were objectively reasonable, McDonald's ineffective assistance claim is without merit. *See Bowman v. Gammon*, 85 F.3d 1339, 1345 (8th Cir. 1996).

### 5.    *Failure to challenge voice identification*

McDonald appears to argue that if trial counsel had challenged a voice identification made by Officer Mernka, concerning whether it was McDonald's voice on a controlled buy tape, the objection would have been sustained and the evidence of the discovery of the controlled substances would have been suppressed.  (Def.'s Mem. Brief at 5). McDonald argues that, therefore, his attorney's performance was deficient.

The prosecution argues that McDonald's trial attorney did file a Motion to Suppress evidence based on grounds not relating to voice identification on the controlled buy tape, and that during the hearing on the Motion to Suppress, Officer Mernka's testimony identified the voice on the tape as McDonald's.  (Prosecution's Response at 13).   The prosecution argues that McDonald's trial counsel did not challenge Officer Mernka's voice identification because he felt that there were no grounds to support such a challenge. (Prosecution's Response at 13).

Any person may identify a speaker's voice if he has heard the voice at any time. *United States v. Cerone*, 830 F.2d 938, 949 (8th Cir. 1987) (citing to *United States v. Smith*, 635 F.2d 716, 719 (8th Cir. 1980).   Minimal familiarity is sufficient for admissibility purposes, and attacks on the accuracy of the identification go to the weight of the evidence, which is an issue for the jury to decide.  *Id*.

During the suppression hearing, Officer Mernka testified that he recognized McDonald's voice on the tape recording from experience being with McDonald physically and hearing him speak on prior occasions.  (Suppression Trans. at 13).   Also, during cross-examination of Officer Mernka at the suppression hearing,  McDonald's trial counsel asked Officer Mernka how it was that he thought he was familiar with McDonald's voice.

Officer Mernka testified that he had known and dealt with McDonald for years. (Suppression Trans. at 19).

Officer Mernka's testimony met the standard for admission of the identification of McDonald's voice on the tape recording of the controlled buy. *See United States v. Cerone*, 830 F.2d 938, 949 (8th Cir. 1987) (citing to *United States v. Smith*, 635 F.2d 716, 719 (8th Cir. 1980) (any person with minimal familiarity may identify a speaker's voice on a tape recording if such person has heard the voice at any time) Officer Mernka testified that he had more than minimal familiarity with McDonald's voice. Trial counsel states in his affidavit, attached as an exhibit to the prosecution's response, that he believed that Officer Mernka's testimony laid an adequate foundation for identification of the voices on the tape. (Aff. at 5). McDonald's trial counsel did not make "'errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). Trial counsel's conclusion that Officer Mernka had laid an adequate foundation for the voice identification, and his decision not to challenge such identification, did not fall "below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). Because this court cannot find that McDonald's trial counsel was deficient for failing to object to the identification of the voice on the tape, this court cannot find that McDonald can succeed on this aspect of his claim. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) ( If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

### 6. *Failure to have tape recording transcribed*

McDonald next argues that his trial counsel provided ineffective assistance by failing to have a tape recording of a controlled buy transcribed for the jury. (Motion at 2). The prosecution states that trial counsel made a strategic decision not to have the tape recording transcribed for the jury because he felt it would be detrimental to his client to have the transcription in front of the jurors during deliberations because he felt that it was bad evidence for his client. (Prosecution's Response at 10; aff. at 2).

The tape of the conversation itself was properly admitted evidence. *See United States v. Oslund*, 453 F.3d 1048, at 1055 (8th Cir. 2006). McDonald's trial counsel made a strategic decision that any transcript of the tape recording would hurt his client's case and, therefore, chose not to have the jury see a transcript of the tape recording. (Prosecution's Response at 10; aff. at 2). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Because the decision not to provide a transcript of the tape recorded conversation to the jury was a reasonable strategic decision, McDonald is unable to demonstrate that his counsel's performance was deficient.

Further, this court is not convinced that producing the transcript for the jury would have resulted in a different outcome for McDonald. McDonald submits "that if the 'controlled buy' tape had been transcribed so that the jury could better hear the words actually spoken, the jury would have known and understood that it was not the defendant who made the alleged sale of the controlled substance to the informant. . . ." (Def.'s Mem. Brief at 4). McDonald does not point to any particular part of the tape that, if transcribed, would have convinced the jury that it was not McDonald's voice on the tape. McDonald does not explain how seeing the written words would serve to challenge the identification

of McDonald's voice as made by Officer Merka. Therefore, this court remains unconvinced that McDonald can demonstrate that he was prejudiced by his counsel's failure to request a transcript. *See Rice*, 449 F.3d at 897 (to satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome'" (quoting *Strickland*, 466 U.S. at 694)); *Davis*, 423 F.3d at 877 (same).

### 7. *Failure to call expert chemist*

McDonald next argues that his trial counsel was ineffective because he did not obtain an expert "to challenge [the] government's claim that the drug alleged possessed by petitioner was not 'crack cocaine.'" (Motion at 12).

The prosecution argues that McDonald's trial counsel made a strategic decision not to employ a chemist to challenge the findings of the government's chemist since he had no legal basis to challenge the disparity of treatment between crack cocaine and powder cocaine. (Prosecution's Response at 13). McDonald's trial counsel—also apparently interpreting McDonald's request for an expert chemist at the time of trial as relating to an argument that crack and powder cocaine should be treated differently, for sentencing purposes—states, in his supporting affidavit, that at the time of McDonald's trial, there was no legal basis for challenging the disparity in treatment between crack and powder cocaine and therefore, no strategic reason to call a chemist as an expert witness. (Aff. at 6).

A failure to anticipate "new law" does not constitute ineffective assistance. *See Parker v. Bowersox*, 188 F.3d 923, 928 (8th Cir. 1999); *Horne v. Trickey*, 895 F.2d 497 500 (8th Cir. 1990); *Johnson v. Armontrout*, 923 F.2d 107, 108 (8th Cir. 1991); *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996). In *Kimbrough v. United States*, the United

States Supreme Court held that, under *United States v. Booker*, 543 U.S. 220 (2005), the cocaine Guidelines, like all other Guidelines, are advisory only; that the Fourth Circuit Court of Appeals erred in holding that the crack/powder disparity was effectively mandatory; and that a district judge must include the Guidelines range in the array of factors warranting consideration, but the judge may determine that, in the particular case, a within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing under 18 U.S.C. § 3553(a). *Kimbrough v. United States*, 128 S.Ct. 558, 566-575 (2007). In making that determination, the judge may consider the disparity between the Guideline's treatment of crack and powder offenses. *Id.* Following *Kimbrough*, the United States Supreme Court in *Spears v. United States*, clarified that district courts are entitled to reject and vary categorically from the crack cocaine guidelines based on a policy disagreement with those guidelines. *Spears v. United States*, 129 S. Ct. 840, 844 (2009). But this was not the state of the law at the time of McDonald's trial, and there was no basis for his trial counsel to predict that such an argument would have been successful at the time. Therefore, McDonald's trial counsel made a strategic decision that it would serve no purpose for him to call an expert witness to testify as to the identity and amount of the drugs, and as such, McDonald's claim cannot succeed on this ground. *See Rice*, 449 F.3d at 897 ("'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" (quoting *Strickland*, 466 U.S. at 690)).

### 8. *Failure to object to admission of an audio tape*

McDonald further argues that his trial counsel provided ineffective assistance of counsel because he did not object to admission of the tape recording of the controlled buy on the grounds that it constituted a hearsay statement by the informant. (Motion at 14).

The prosecution argues that McDonald's trial counsel made a strategic decision to play the tape for the jury during McDonald's defense after the prosecution admitted the tape to prove that it did exist, but did not play it. (Prosecution's Response at 14).

The tape of the conversation itself was properly admitted evidence. *United States v. Oslund*, 453 F.3d 1048, at 1055 (8th Cir. 2006). McDonald's trial counsel made a strategic decision that playing the tape for the jury, so that the jury could hear how unclear it was, would be beneficial to McDonald's case in light of the fact that the prosecution had admitted the tape as evidence. (Prosecution's Response at 10; aff. at 2). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Because the decision to play the tape for the jury was a reasonable strategic decision, McDonald is unable to demonstrate that his counsel's performance was deficient.

Further, this court is not convinced that not playing the tape for the jury, once it had been admitted, would have resulted in a different outcome for McDonald. Therefore, McDonald cannot demonstrate that he was prejudiced by the failure to produce the transcript. *See Rice*, 449 F.3d at 897 (to satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome'" (quoting *Strickland*, 466 U.S. at 694)); *Davis*, 423 F.3d at 877 (same).

### 9.    *Failure to produce impeachment witness*

McDonald additionally asserts that his trial counsel was ineffective for failing to call Richard High as a witness for purposes of impeachment. (Motion at 19 and Exhibit "C").

McDonald argues that Richard High would have been able to discredit the testimony of the prosecution's informant on the grounds that the informant had been coerced into helping the government. (Motion at 19 and Exhibit "C"). The Prosecution states that McDonald's trial counsel was not aware of Richard High's information until after the jury had reached a verdict. (Prosecution's Response at 15; aff. at 8).

On ineffective assistance of counsel claims, the attorney's conduct must be viewed as of the time of trial and not with the distorting tint of hindsight. *Thompson v. United States*, 61 F.3d 586, 587 (8th Cir. 1995) (citing to *Strickland*, 466 U.S. at 689); *Cox v. Lockhart*, 970 F.2d 448, 455 (8th Cir. 1992). The decision to interview a potential witness is not a decision related to trial strategy. Rather, it is a decision related to adequate preparation for trial. *Whitmore v. Lockhart*. 8 F.3d 614, 619 (8th Cir. 1993). Counsel had a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Whitemore*, 8 F.3d at 618-619 (citing *Strickland*, 466 U.S. at 691). Counsel is not ineffective for failing to call a witness, if after engaging in diligent research and preparation, counsel does not know that the witness exists. *See Battle v. Delo*, 19 F.3d 1547, 1554 (8th Cir. 1994).

To show that his counsel was ineffective, McDonald must show that his attorney's performance was deficient and that his deficient performance prejudiced his defense. *Hadley v. Groose*, 97 F.3d 1131, 1135 (8th Cir. 1996) (citing to *Strickland*, 466 U.S. at 687. More specifically, to establish prejudice from counsel's failure to investigate a potential witness, a petitioner must show that the witness would have testified and that his or her testimony "would have probably changed the outcome of the trial." *Id*. (citing *Strickland*, 466 U.S. at 687).

McDonald claims that he told his trial counsel about the availability of Richard High prior to trial, but that his trial counsel failed to pursue the possibility of calling Richard High as a witness. (Motion, Exhibit A at 1). McDonald's trial counsel claims that he was not aware of Richard High's possible testimony until after the jury had returned a verdict. (Affidavit at 8). The trial record indicates that trial counsel had engaged in extensive preparation for trial and was adequately prepared throughout. Based on this record, this court believes that trial counsel engaged in diligent research and preparation, but was nonetheless unaware of the existence of this particular witness. *See Battle v. Delo*, 19 F.3d 1547, 1554 (8th Cir. 1994) (counsel is not ineffective for failing to call a witness, if after engaging in diligent research and preparation, they do not know that the witness exists). This court finds credible trial counsel's statement that he was unaware of the existence of this witness until after trial. Therefore, McDonald cannot establish that his counsel was deficient for failing to call Richard High to impeach the prosecution's witness.

Further, this court is not convinced that the testimony of Richard High would have changed the outcome of the trial. *See Hadley*, 97 F.3d at 1135 (citing *Strickland*, 466 U.S. at 687, as holding that there is no prejudice where a witness's expected testimony would probably not have changed the outcome of the trial). Richard High was another federal inmate whose testimony would, at most, have established that the prosecution's witness "felt [she] had to testify against [McDonald] so that she would get off easy," and that she "didn't want to go into the courtroom and say what the cops told her to say." (Affidavit of High at 1). Richard High would not have been able to testify that the witness told him that her testimony would be false. Richard High's testimony would have indicated that the prosecution witness was hesitant to testify and that she thought that she might benefit herself from testifying against McDonald. Further, Richard High's credibility would have

been subject to attack on the basis of his own status as a federal prisoner. The court does not believe that Richard High's testimony would have changed the outcome of the trial and, therefore, McDonald cannot establish that he was prejudiced by the failure of his trial counsel to call Richard High as a witness. Because McDonald cannot establish that his trial counsel was deficient or that he suffered any prejudice, this part of his claim fails.

### 10. *Failure to object to jury not having sound equipment*

Related to his claims regarding the tape of the controlled buy, McDonald's court appointed counsel for this Motion, raises the additional claim that his trial counsel rendered ineffective assistance of counsel by failing to object to the tape of the controlled buy being sent with the jury for deliberations without sound equipment with which to play it. (Def.'s Mem. Brief at 3). McDonald claims that if the jurors had been able to listen to the tape, they would have understood that McDonald was not the individual heard on the tape selling drugs to the prosecution's confidential informant. (Def.'s Mem. Brief at 4). Trial counsel states in his affidavit that, even though he played the tape during the trial, he felt that the tape recording of the controlled buy was not good evidence for McDonald and that he was concerned that any further attempt "to clarify, enunciate, or pronounce the contents of the tape would be harmful to his client's case." (Affidavit at 2).

The decision not to send sound equipment to the jury deliberation room was a strategic decision of counsel, and this court cannot find that it was unreasonable. Because the decision of counsel to let the tape recording of the controlled buy go to the jury during deliberations without sound equipment was not unreasonable, McDonald cannot establish that his counsel's performance was deficient. *See Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show

deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). Therefore, McDonald's claim of ineffective assistance of counsel will not succeed on these grounds.

### 11. *Failure to object to prosecution in federal court*

McDonald argues that his trial counsel was deficient for failing to object to the fact that the case was prosecuted in the United States District Courts rather than in state court. (Def.'s Mem. Brief at 3). McDonald asserts that if his trial counsel had objected to his case being prosecuted in the United States District Court upon the Superseding indictment of the grand jury, rather than in the state court, then the objection would have been sustained and the resulting conviction of the defendant upon the two Counts of the superseding indictment would not have come about.

The prosecution argues that McDonald cites to no authority as the basis of this claim. Further, McDonald's trial counsel states that he was unaware of any valid objection to a federal indictment in this case. (Affidavit at 3).

McDonald does not assert that the offenses for which he was indicted do not constitute federal crimes. He also does not assert any valid grounds for challenging federal jurisdiction in his case. Counsel does not render ineffective assistance by failing to make frivolous arguments. *Strickland*, 466 U.S. at 689; *see also United States v. Davis*, 406 F.3d 505, 510-00 (8th Cir. 2005) (stating that ineffective assistance of counsel claims are generally raised in collateral proceedings and concluding that appellate counsel did not provide ineffective assistance where no viable appellate claim existed). This court concludes that objecting to federal jurisdiction in McDonald's case would have been

frivolous and that McDonald's trial counsel did not provide ineffective assistance of counsel by failing to do so.

### 12. *Failure to obtain copies of grand jury testimony*

McDonald asserts that his trial counsel was ineffective for failing to obtain copies of transcripts of grand jury testimony for the defendant himself to review. (Def.'s Mem. Brief at 3). The prosecution argues that McDonald does not cite any authority for this argument and that McDonald's trial counsel states that he reviewed all evidence prior to trial and made summaries of the grand jury testimony for McDonald. (Prosecution's Response at 11).

Rule 6(e)(3))(E) of the Federal Rules of Criminal Procedure authorizes a court to release transcripts of grand jury testimony at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury proceeding. McDonald does not assert that there was any matter that occurred before the grand jury that would have been grounds for dismissal of the indictment. *See United States v. Warran*, 16 F.3d 247, 253 (8th Cir. 1994) (bare allegation that grand jury records are necessary did not satisfy "particularized need" requirement); *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). This court cannot find that, absent such a claim, McDonald's trial counsel's review and summary of grand jury testimony with McDonald was objectively unreasonable or constituted deficient performance. *Wiggins*, 539 U.S. at 522 (deficient performance can be established by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" (quoting *Strickland*, 466 U.S. at 688)). Because McDonald cannot establish that his trial counsel was deficient for failing to request grand jury transcripts,

the court need proceed no further in its analysis of an "ineffective assistance" claim. *Walker*, 324 F.3d at 1040.

### 13. *Failure to pursue objection to obstruction enhancement*

McDonald claims that his trial counsel was ineffective for "giving up" on an obstruction of justice enhancement at sentencing. (Def.'s Mem. Brief at 3-4). McDonald argues that trial counsel should have argued that the issue of obstruction had not been submitted to the jury nor proven beyond a reasonable doubt. (Brief at 4). The prosecution does not directly address this claim.

At the outset of the sentencing hearing, McDonald's counsel indicated that he "did not think that the obstruction of justice is a disputed matter at this point." (Sent. Trans. at 3). However, prior to the conclusion of the sentencing hearing, McDonald's counsel indicated that he was not conceding the application of a sentencing enhancement based on obstruction of justice. (Sent. Trans. at 37). Further, after the prosecution argued for application of the enhancement, McDonald's counsel did make a statement to the court asserting that application of the enhancement for obstruction of justice would not be appropriate in this case. Shortly after hearing both arguments, the court ruled that the prosecution would prevail on its request for application of the enhancement. (Sent. Trans. at 38). It is unclear what more McDonald's counsel could or should have done that would have been more persuasive.

Without regard to whether or not McDonald's counsel was or was not deficient, this court is persuaded that McDonald cannot establish that he was prejudiced by his counsel's performance with regard to objecting to the enhancement for obstruction of justice. *See Rice*, 449 F.3d at 897 (to satisfy the "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome'" (quoting *Strickland*, 466 U.S. at 694)); *Davis*, 423 F.3d at 877 (same). McDonald has not demonstrated that there was anything more that his trial counsel could have done to persuade the undersigned that the enhancement was not applicable during the sentencing hearing. Because this court is not satisfied that McDonald can establish prejudice, his claim of ineffective assistance of counsel will not prevail on this ground. *See Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997) (courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice.").

### 14.    *Failure to raise unconstitutionality of obstruction enhancement*

Further, McDonald claims that his trial counsel was ineffective for failing to object to the enhancement for obstruction of justice as being unconstitutional based on the reasoning of *Blakely v. Washington*, 542 U.S. 296 (2004). (Motion to Amend at 3-7). McDonald argues that, based on the reasoning of *Blakely*, the maximum sentence a judge could impose in his case is that which could be imposed solely based on the facts reflected in the jury verdict. (Motion to Amend at 4). McDonald argues that the obstruction of justice "element" used to enhance his sentence was a "fact" found by the judge and not the jury. (Motion to Amend at 6).

The prosecution argues that, at the time of McDonald's sentencing, the applicability of the holdings in *Blakely* and *Apprendi v. New Jersey,* 530 U.S. 466 (2000), to the Federal Sentencing Guidelines was not certain. (Prosecution's Response at 18). Further, the prosecution asserts that *United States v. Booker*, 543 U.S. 220 (2005), and *Blakely* do not apply retroactively to cases on collateral review. (Prosecution's Response at 19).

McDonald cannot claim that he was wrongfully denied the benefit of *Apprendi*, as subsequently interpreted in the Supreme Court's decisions in *Blakely* and *Booker*. *Blakely* and *Booker* held that, at least under a mandatory guidelines system,[2] the sentencing judge may not impose guidelines sentencing increases based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by the defendant. However, *Blakely* and *Booker* were handed down after McDonald was sentenced and after his appeal rights were exhausted. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to consider the issue has held that *Booker* and/or *Blakely* do not apply retroactively to cases on collateral review. *See Lefkowitz v. United States*, 446 F.3d 788, 791 (8th Cir. 2006) (*Booker*); *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir.) (*Blakely* and *Booker*), *cert. denied*, 126 S. Ct. 2341 (2006); *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*) (*Blakely* and *Booker*); *see also In re Zambrano*, 433 F.3d 886, 889 (D.C. Cir. 2006) (*Booker*); *United States v. Gentry*, 432 F.3d 600, 606 (5th Cir. 2005) (*Booker*); *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (*Booker*), *cert. denied*, 127 S. Ct. 121 (2006); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (*Blakely* and *Booker*); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005) (*Booker*); *In re Olopade*, 403 F.3d 159, 164 (3rd Cir. 2005) (*Booker*); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*Blakely* and *Booker*); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (*Blakely* and *Booker*); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (*Booker*); *Humphress v. United States*, 398 F.3d 855,

---

[2]At the time that McDonald was sentenced, the guidelines were mandatory.

857 (6th Cir. 2005) (*Booker*); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (*Blakely* and *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker*); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (*Blakely* and *Booker*). Because this case was not pending on direct review when either *Blakely* or *Booker* was decided, the holdings in *Blakely* and *Booker* are unavailable as the bases to attack McDonald's sentence here. Moreover, the court finds that McDonald's trial counsel's performance was not "deficient" for failing to predict, almost two years before *Blakely* was decided, that *Apprendi* could be interpreted to bar increases in guidelines sentences based on a trial judge's finding of facts by the preponderance of the evidence, where then-controlling law had rejected that interpretation.

Because McDonald cannot "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,'" he cannot satisfy the "deficient performance" prong of the *Strickland* analysis of his "ineffective assistance" claim based on *Apprendi*. *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 687). Quite simply, McDonald has not shown that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins*, 539 U.S. at 522. In the absence of a showing of deficient performance, the court need proceed no further in its analysis of this "ineffective assistance" claim, *Walker*, 324 F.3d at 1040, and his § 2255 motion fails on this claim.

## D.  Ineffective Assistance Of Appellate Counsel

### 1.  Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of

Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). To establish ineffective assistance of appellate counsel, McDonald must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. *Williams v. Kemna*, 311 F.3d 895, 898, (8th Cir. 2002) (citing *Tokar v. Bowersox*, 198 F.3d 1039, 1051 (8th Cir. 1999), *cert denied*, 531 U.S. 886 (2000)). The deficient performance standard is rigorous, because "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal." *United States v. Brown*, 528 F.3d 1030, 1034 (8th Cir. 2008) (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)). Absent contrary evidence, it is assumed that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy. *Brown,* 528 F.3d at 1033. The prejudice standard is equally rigorous: McDonald must show that "the result of the proceeding would have been different" had he raised the issue on direct appeal. *Id*. (citing *Becht v. United States*, 403 F.3d 541, 546 (8th Cir. 2005), *cert. denied*, 546 U.S. 1177 (2006)).

### 2.   *Failure to raise a claim*

In addition to claiming that his trial counsel provided ineffective assistance of counsel, in various ways, McDonald additionally claims that his appellate counsel provided ineffective assistance by failing to claim, on appeal, that there was insufficient evidence to find that he had obstructed justice as the basis for a sentencing enhancement. (Motion at 2).

The prosecution claims that appellate counsel made a strategic decision not to pursue this claim because it had been waived at sentencing by McDonald's trial counsel. (Prosecution's Response at 28). McDonald was represented by the same attorney during sentencing and on appeal. Appellate counsel states in his affidavit that the obstruction of justice enhancement issue was waived at McDonald's sentencing and, thus, he did not raise it on appeal. (Aff. at 1).

Contrary to the assertions of the prosecution and appellate counsel, the objection to the enhancement for obstruction of justice was not waived at sentencing. McDonald's trial counsel did not present evidence, at the sentence hearing, to support the position that the obstruction of justice enhancement should not apply, but counsel did argue against the application of the enhancement, after specifically stating that the objection had not been waived. (Sent. Trans. at 37).

Because the objection to the obstruction of justice enhancement was not waived at sentencing and appellate counsel's strategic decision not to raise it on appeal was based on the erroneous belief that it had been waived, this court cannot find that a strategic decision based on such an erroneous understanding is an exercise of sound appellate strategy. *See Brown*, 528 F.3d at 1033 (absent contrary evidence it is assumed that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy).

However, in order to succeed on his claim that this deficiency in the performance of appellate counsel constituted ineffective assistance, McDonald must also establish that the result of the proceeding would have been different had he raised the issue on direct appeal. *Id*. (citing *Becht*, 403 F.3d at 546). This he cannot do.

The obstruction of justice enhancement here was grounded on defendant McDonald's testimony at trial that the controlled substances and firearm found in his room

were not his and that he never sold any controlled substances to Barella, the prosecution's confidential informant and witness. At sentencing, the court found, based on its own observation, that it did not believe the testimony that McDonald offered during his trial regarding the drugs and the gun—indeed, the court described McDonald's testimony as perjury. (Sent. Tr. at 41). At trial, Barella testified that McDonald sold her drugs multiple times, including on the date that the controlled buy was taped. (Trial Tr. at 132-134, 138, 144-45).

Whether a defendant committed perjury is a factual finding within the purview of the district court. *United States v. James*, 2009 WL 1272297 (8th Cir. 2009) (citing *United States v. Garcia-Gonon*, 433 F.3d 587, 592 (8th Cir. 2006)). A witness commits perjury when he testifies falsely under oath about a material matter with a willful intent to deceive the fact finder. *Id*. (citing to *United States v. Abdul-Aziz*, 486 F.3d 471, 478 (8th Cir. 2007, in turn quoting *United States v. Molina*, 172 F.3d 1048, 1058 (8th Cir. 1999)). A district court applying the obstruction of justice enhancement for perjury must review the evidence and make an independent finding, by a preponderance of the evidence, that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory. *United States v. Williams,* 557 F.3d 556, 560-561 (8th Cir. 2009).

Further, the Eighth Circuit Court of Appeals has affirmed obstruction enhancements when the evidence of wilfulness was unequivocal, without an express finding of willfulness by the district court. *See United States v. Simms*, 285 F.3d 1098, 1101 (8th Cir. 2002); *United States v. Robinson*, 217 F.3d 560, 565-66 (8th Cir. 2000). In these cases, the district court made a general finding of perjury without making a specific finding of willfulness. *See Simms*, 285 F.3d at 1101 (district court found the defendant "had

committed perjury on 'some pretty critical issues'"); *Robinson*, 217 F.3d at 565 (district court found the defendant's testimony "was not truthful regarding material facts"). Although there was no explicit finding as to willfulness, the Eighth Circuit affirmed because the record left no doubt that the defendant's false testimony at trial was not the result of confusion, mistake, or faulty memory. *See Simms*, 285 F.3d at 1101; *Robinson*, 217 F.3d at 565-66.

Here, the nature of McDonald's testimony was unequivocal and clearly material because it went to the heart of the government's case. It was this testimony that the court found to be perjurious. Although the court did not make an explicit finding as to willfulness, the record here left no doubt that the defendant's false testimony at trial was not the result of confusion, mistake, or faulty memory. *See Simms*, 285 F.3d at 1101; *Robinson*, 217 F.3d at 565-66. This court cannot find that the outcome of McDonald's appeal would have been different if his appellate counsel had included a claim that the obstruction of justice enhancement had been erroneously applied at his sentencing. Even in light of his appellate counsel's deficient performance, McDonald cannot establish that he was prejudiced and, therefore, this claim fails. *See Ledezma-Rodriguez*, 423 F.3d at 836 (even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance); *Davis*, 423 F.3d at 877. Thus, McDonald's claim of ineffective assistance of appellate counsel also fails.

### E. *Certificate of Appealability*

Denial of McDonald's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim therein. The requirement of a

certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that McDonald has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of McDonald's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any

court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, McDonald does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## III. CONCLUSION

Upon the foregoing, defendant McDonald's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no.110) is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 11th day of June, 2009.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA